UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN ETTLINGER,

    Plaintiff,

CASE NO.: 3:16-cv-142-J-20JBT

-VS-

CREDIT ONE BANK, N.A.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, John Ettlinger, by and through the undersigned counsel, and sues Defendant, Credit One Bank, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, Credit One Bank, N.A. (hereinafter "Credit One") is a corporation with its principal place of business located at 585 Pilot Rd., Las Vegas, NV 89119.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Credit One called Plaintiff approximately three hundred (300) times since July 1, 2015, in an attempt to collect a debt.

15. Credit One attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16. Credit One intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18. Each call Credit One made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19. Each call Credit One made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

20. Beginning on or about July 1, 2015, Plaintiff began receiving automated calls to his cellular telephone from Credit One attempting to collect on an outstanding balance.

21. On several occasions Plaintiff spoke to agents of Credit One and explained he did not have the money to pay and to please stop calling him.

22. On September 13, 2015, Plaintiff answered an automated call on his cellular telephone from Credit One and informed the agent that he had no money at the moment and that he would make a payment when he had the money to do so.

23. On September 14, 2015, Plaintiff answered another automated call on his cellular telephone from Credit One and informed the agent that he did not want Credit One to call him anymore and that he would make a payment when he had the funds to do so. Credit One's agent told the Plaintiff that as long as Plaintiff owed money Credit One could not stop calling him.

24. In approximately early November, 2015, Plaintiff answered an automated call on his cellular telephone from Credit One and instructed the agent that he wished for Credit One to stop calling him and that he was getting an attorney as to the harassing calls.

25. Due to the tremendous amount of automated calls Plaintiff received to his cellular telephone from Credit One, he was not able to properly catalogue each and every call, however attached hereto as Exhibit "1" is a small sampling of the calls he received.

26. Credit One has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27. Credit One has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Credit One., to remove the number.

28. Credit One's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Credit One that they wish for the calls to stop.

29. Credit One has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30. Credit One has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite being requested to stop.

31. A very small sampling of online complaints dating as far back as July, 2013 regarding one of the numbers Credit One autodialed Plaintiff from, 602-282-1664, is attached hereto as Exhibit "2."

32. A very small sampling of online complaints dating as far back as November, 2013 regarding one of the numbers Credit One autodialed Plaintiff from, 310-359-6415, is attached hereto as Exhibit "3."

33. Credit One's corporate policy provided no means for Plaintiff to have his number removed from the call list.

34. Credit One has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35. Plaintiff did not expressly consent to Credit One's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Credit One's placement of the calls.

36. Not a single call placed by Credit One to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Credit One willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates above paragraphs one (1) through thirty-seven (37) herein.

39. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was to stop calling Plaintiff.

40. Credit One repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit One for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

41. Plaintiff incorporates above paragraphs one (1) through thirty-seven (37) herein.

42. At all times relevant to this action Credit One is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43. Credit One has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

44. Credit One has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

45. Credit One's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit One for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                Respectfully submitted,

                *Frank H. Kerney III, Esq.*

                Frank H. Kerney III, Esq.
                Tav Gomez, Esq.
                Morgan & Morgan, Tampa, P.A.
                One Tampa City Center
                201 N. Franklin Street, 7th Floor
                Tampa, FL 33602
                Tele: (813) 223-5505
                Fax: (813) 223-5402
                fkerney@forthepeople.com
                jkneeland@forthepeople.com
                Florida Bar #: 88672
                Attorney for Plaintiff